UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| D.S., et al.,<br><br>        Plaintiff(s),<br><br>v.<br><br>CLARK COUNTY SCHOOL DISTRICT, et al.,<br><br>        Defendant(s). | Case No. 2:22-cv-00246-JCM-NJK<br><br>**Order**<br><br>[Docket No. 45] |

Pending before the Court is Defendant CCSD's motion for an *in camera* review of child protective services records. Docket No. 45.

As a threshold matter, Defendant's motion includes the full birthdate and name of D.S. Docket No. 45 at 2; Docket No. 45-5 at 2. Defendant has thus violated the local rules. *See* Local Rule IC 6-1(a)(3). The Clerk's Office is **INSTRUCTED** to seal Docket No. 45, and the exhibits thereto. No later than March 1, 2023, Defendant must file a notice on the docket attaching a copy of its motion and exhibits with personal identifying information properly redacted.[1]

"Discovery is supposed to proceed with minimal involvement of the Court." *F.D.I.C. v. Butcher*, 116 F.R.D. 196, 203 (E.D. Tenn. 1986). Counsel should strive to be cooperative, practical, and sensible, and should seek judicial intervention "only in extraordinary situations that implicate truly significant interests." *In re Convergent Techs. Securities Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985). Discovery motions will not be considered "unless the movant (1) has made a good faith effort to meet and confer . . . before filing the motion, and (2) includes a declaration

---

[1] To be clear, the Court has not combed the entirety of the record to find improper disclosure of personal identifying information. *Cf.* Local Rule IC 6-1(c) (making clear that it is the filer's responsibility, not the Court's responsibility, to properly redacted personal identifying information). As such, the Court has provided herein only examples of local rules violations and it is counsel's responsibility in refiling the instant motion that all personal identifying information is redacted as required by the governing rules.

1

setting forth the details and results of the meet-and-confer conference about each disputed discovery request." Local Rule 26-7(c).

Judges in this District have held that the rules require that the movant must "personally engage in two-way communication with the nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." *ShuffleMaster, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996). The consultation obligation "promote[s] a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus the matters in controversy before judicial resolution is sought." *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D.Nev.1993). To meet this obligation, parties must "treat the informal negotiation process as a substitute for, and not simply a formalistic prerequisite to, judicial resolution of discovery disputes." *Id*. This is done when the parties "present to each other the merits of their respective positions with the same candor, specificity, and support during the informal negotiations as during the briefing of discovery motions." *Id*. To ensure that parties comply with these requirements, movants must file certifications that "accurately and specifically convey to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute." *ShuffleMaster*, 170 F.R.D. at 170.[2] Courts may look beyond the certification made to determine whether a sufficient meet-and-confer actually took place. *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015).

The instant motion is predicated on the assertion that Plaintiffs' counsel denied the request for a stipulation for release of the subject documents. Doket No. 45-2 at ¶ 9. The certification does not include details of the conferral process. Most significantly, although it appears there were some written correspondences on the subject dispute, it is not clear that counsel engaged in a fulsome discussion in-person, by telephone, or by video. *See* Local Rule IA 1-3(f).

Accordingly, the Court **DENIES** without prejudice. Defendant CCSD's motion for an *in camera* review of child protective services records. No later than the close of business today, February 28, 2023, Plaintiffs' counsel must provide defense counsel with three dates and times to

---

[2] These requirements are now largely codified in the Court's local rules. *See* Local Rule 26-7(c), Local Rule IA 1-3(f).

confer on the issues raised in the motion, with such conferral to take place by March 7, 2023. The conferral must be in-person, by phone, or by video. Local Rule IA 1-3(f). In the event the conferral efforts are not successful, any renewed motion on this subject must be filed by March 10, 2023. Any response thereto must be filed by March 14, 2023,[3] and any reply must be filed by March 16, 2023.

IT IS SO ORDERED.

Dated: February 28, 2023

_____
Nancy J. Koppe
United States Magistrate Judge

---

[3] Counsel are cautioned that the deadlines set herein govern this motion practice regardless of whether courtesy notices on the docket provide for different deadlines. Local Rule IC 3-1(d).

3