UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| D.S., <br>     Plaintiff(s), <br> v. <br> CLARK COUNTY SCHOOL DISTRICT, et al., <br>     Defendant(s). | Case No. 2:22-cv-00246-JCM-NJK <br><br> **ORDER** <br><br> [Docket No. 60] |

Pending before the Court is Plaintiff's motion to compel discovery. Docket No. 60. Defendants Clark County School District and Halland filed a response in opposition. Docket No. 63.[1] Plaintiff filed a reply. Docket No. 65. The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed more fully below, the motion to compel is **DENIED** without prejudice.

**I.      BACKGROUND**

Plaintiff D.S. is a disabled minor who had been a student of teacher Olszewski. Docket No. 2 at ¶¶ 11-13. Olszewski was charged with various crimes for physical abuse of D.S. *Id.* at ¶ 19. This civil suit followed therefrom in which D.S. sues Clark County School District, school principal Halland, and Olszewski for damages.

The parties held their Rule 26(f) conference on April 7, 2022, Docket No. 30 at 2, at which time they had begun discussing the discovery of ESI, *see* Fed. R. Civ. P. 26(f)(3)(C); *see also* Docket No. 30 at 4. On June 9, 2022, Plaintiff served Request for Production No. 53: "For the period OLSZEWSKI was employed by YOU[, produce] all ESI containing the search terms identified on **Exhibit 1** hereto in the accounts of any of the custodians identified on **Exhibit 2**."

---

[1] Defendants violated the local rules by filing an omnibus opposition to multiple motions. Local Rule IC 2-2(b). The parties must comply with this rule moving forward.

Docket No. 60-3 at 16. The referenced exhibits include 105 search terms and 55 custodians. *Id.* at 18-21. Defendants thereafter conducted more limited searches than Plaintiff had requested and produced documents. *See, e.g.*, Docket No. 63-1 at ¶ 13. The parties have conferred on search parameters, but have not come to an agreement. On March 3, 2023, the lay discovery period closed. Docket No. 43 at 6. On March 20, 2023, Plaintiff filed the instant motion to compel discovery. Docket No. 60.

## II.     ANALYSIS

A sufficient basis has not been provided for the relief Plaintiff seeks here, particularly given a host of threshold problems with the motion to compel.

The Court begins with timing considerations. "District court oversight is encouraged to avoid 'protracted discovery, the bane of modern litigation.'" *Garcia v. Serv. Emps. Int'l Union*, 332 F.R.D. 351, 354 (D. Nev. 2019) (quoting *Rosetto v. Pabst Brewing Co.*, 217 F.3d 539, 542 (7th Cir. 2000)). With respect to a motion to compel discovery, there is no specific deadline enunciated in the governing rules and a determination as to the timeliness of such a motion is left to the exercise of judicial discretion. *Wyles v. Sussman*, 445 F. Supp. 3d 751, 755 (C.D. Cal. 2020). That determination is judged by whether the movant unduly delayed in seeking relief. *Gault v. Nabisco Biscuit Co.*, 184 F.R.D. 620, 622 (D. Nev. 1999).[2] Courts are particularly inclined to find a motion to compel untimely when it is filed at or after the discovery cutoff even though it addresses discovery that should be obtained at the beginning of the case and would likely be used to obtain follow-up discovery. *See, e.g.*, *E.E.O.C. v. Pioneer Hotel, Inc.*, 2014 WL 5045109, at *1-2 (D. Nev. Oct. 9, 2014) (finding untimely motion to compel filed on the discovery cutoff). A finding of untimeliness, standing alone, dooms a motion to compel regardless of its merits. *KST Data, Inc. v. DXC Tech. Co.*, 344 F. Supp. 3d 1132, 1136 n.1 (C.D. Cal. 2018). Courts may raise

---

[2] Courts are guided by a non-exhaustive list of factors to determine the timeliness of a motion to compel: (1) the length of time since expiration of the discovery deadline; (2) the length of time the moving party has known about the discovery; (3) whether the discovery deadline has been extended; (4) the explanation for the tardiness or delay; (5) whether dispositive motions have been scheduled or filed; (6) the age of the case; (7) any prejudice to the party from whom discovery is sought; and (8) disruption of the Court's schedule. *V5 Techs. v. Switch, Ltd.*, 332 F.R.D. 356, 360-61 (D. Nev. 2019) (collecting cases).

the potential untimeliness of a motion to compel *sua sponte*. *Garcia*, 332 F.R.D. at 354 n.2. Plaintiff's motion to compel in this case was filed nearly a year after discussions began regarding producing ESI, more than nine months after the discovery request was served, and after the lay discovery cutoff. Nonetheless, the motion to compel does not provide argument as to how it could be considered timely.

The substance of the motion to compel also suffers from a fatal flaw in that the discovery Plaintiff seeks to compel remains overbroad.[3] As obvious examples, Plaintiff is now seeking to compel production of ESI that his attorneys dropped during the meet-and-confer process[4] and some of which appears to not have been sought in the request for production in the first place.[5] In addition, the case law is clear in this context that search terms must be narrowly tailored to particular issues and that "[i]ndiscriminate terms, such as a defendant's name, are inappropriate unless combined with narrowing criteria that sufficiently reduce the risk of overproduction." *Estate of Mann v. Cnty. of Stanislaus*, 2022 WL 4029571, at *2 (E.D. Cal. Sept. 2, 2022) (emphasis

---

[3] It is Plaintiff's responsibility to seek discovery that is appropriately tailored; the Court will not endeavor to redraft overbroad discovery to discern the outermost border of discoverable information for Plaintiff. *Cf. Hologram USA, Inc. v. Pulse Evolution Corp.*, 2015 WL 13238450, at *4 (D. Nev. Dec. 18, 2015). Such an approach is particularly apt with respect to a dispute regarding an appropriate search for ESI. *See, e.g.*, *Walker v. N. Las Vegas Police Dept.*, 2016 WL 8732300, at *3 (D. Nev. May 13, 2016).

[4] Plaintiff seeks an order requiring Defendants to search ESI with the names of students T.A., J.L., and S.T. *E.g.*, Docket No. 60 at 12. As Defendants point out in response, however, Plaintiff himself dropped the request for such information long ago during the meet-and-confer process. *See* Docket No. 63 at 12, 19; *see also* Docket No. 63-7 (letter from Plaintiff's counsel on August 8, 2022, which dropped request for ESI search using the names of T.A., J.L., and S.T.). Given that agreements of counsel are binding as to limitations on discovery, Fed. R. Civ. P. 29, and given the requirement to engage in the conferral process in good faith, Fed. R. Civ. P. 37(a)(1), this Court has consistently held parties to the compromise positions their counsel have taken during the conferral process, *e.g.*, *Underwood v. O'Reilly Auto Enterps., LLC*, 2022 WL 4359096, at *2 (D. Nev. Sept. 20, 2022). No basis has been provided as to how Plaintiff is now entitled to discovery that his counsel previously decided to forego.

[5] Although the manner of filing and redaction leaves it a little unclear, it appears the parents' names were not included in the request for production that was served. *See* Docket No. 63-2 at 4-6. It is axiomatic that the Court will not compel the production of information that was not within the scope of the request that was served. *Barnum v. Equifax Info. Servs., LLC*, 2018 WL 1245492, at *3 (D. Nev. Mar. 9, 2018). Additionally, the parents' names were not included in Plaintiff's narrowed set of terms provided on August 8, 2022. Docket No. 63-7. As noted above, this Court has consistently held parties to the compromise positions their counsel have taken during the conferral process, *e.g.*, *Underwood*, 2022 WL 4359096, at *2. No basis has been provided as to how a last-minute effort to insert these new terms into the ESI search is appropriate.

3

added) (quoting *Cannata v. Wyndham Worldwide Corp.*, 2012 WL 528224, at *4 (D. Nev. Feb. 17, 2012)); *accord Walker*, 2016 WL 8732300, at *3. The searches that Plaintiff now seeks plainly do not meet that requirement.[6]

### III.    CONCLUSION

Accordingly, for the reasons discussed above, the motion to compel is **DENIED** without prejudice. Plaintiff has not shown through the instant filing that his motion to compel is timely and the discovery he currently seeks is plainly overbroad. To the extent Plaintiff believes he can overcome those obstacles, he must promptly engage in further conferral efforts in light of the guidance provided above and any renewed motion must be filed by May 31, 2023.

IT IS SO ORDERED.

Dated: May 22, 2023

_____
Nancy J. Koppe
United States Magistrate Judge

---

[6] To be clear, the Court has not endeavored herein to catalogue all of the potential problems with Plaintiff's motion to compel. The Court expresses no opinion as to any issues not explicitly raised herein.

4